Jackson, C. J.
1. The reformation of the deed involved in this case with substantially the same facts and instructions, has been passed upon by this court, (Crockett vs. Crockett, September. term, 1S84), and the ruling there made is the law of the case ; nor are there any new facts which make a new case from the one then made.
2. To divest a man of the control, use and occupation of an estate, ■an interest in which he had voluntarily given to his daughter, because his daughter and himself were at issue touching the quantum of that interest, or the amount of the rents due her, and that, too, in the teeth of the reservation of control in himself in the voluntary conveyance *218 is much more than a jury ought to be allowed to find in a decretal verdict, and such verdict should be set aside. Nor would it be just, though the interference of the receiver should be restricted to the collection of a moiety or any fractional part of the rents from the father for rent of the house he himself occupied, and from tenants occupying other tenements, and the father should be enjoined from interference with his daughter’s part of such rents, the father being solvent.
Hardeman & Davis; C. L. Bartlett, for plaintiff in error.
Hill & Harris, for defendant.
3. A father by voluntary deed conveyed a half interest in certain property to his daughter for life, with power to dispose of it by will, but “subject, nevertheless, to the following limitations and conditions; that is to say — that the said E. Crockett is to retain possession and control of said property during his life-time; provided, nevertheless,......
that the said Georgia E. Crockett shall have the right to live in the house in Bass street with the said E. Crockett, but no one else of the family of the said E. Crockett shall have or exercise this right of living with said E. Crockett in said house on Bass street, except the youngest brother of the said Georgia E., to wit: Charles W. Crockett, and he only so long as he shall remain single and unmarried ; and provided, also, should any increase be derived from said house and lot on Bass street, by rent or otherwise, the said Georgia E. is to have and receive one-half of said ¡rent after paying for repairs, insurance, and taxes thereon.’’ The father re married, and the daughter would not live with him.
Held, That a verdict requiring the father to pay one-half the rented value of the premises while he lived thereon was contrary to law.
(a) The deed in this case should be reformed, in accordance with the previously expressed view of this court, so as to give the daughter only an interest in the net income; no receiver should be appointed to disturb the possession of the father, he being solvent, and nothing should be required of him for the use and occupation of his own homestead, recognized as his in the deed.
Judgment reversed.